Filed 2/24/26  P. v. Morris CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sierra)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C101733 |
| v. | (Super. Ct. No. 4007) |
| BRUCE WAYNE MORRIS, | |
| Defendant and Appellant. | |

In 1987, a San Joaquin County jury found defendant Bruce Wayne Morris guilty of first degree murder and robbery.  The trial court ultimately resentenced defendant to life without the possibility of parole (LWOP), plus a one-year prior prison term

enhancement imposed under Penal Code former section 667.5, subdivision (b),[1] which was based on a prison term defendant had served for escape in violation of section 4530.

In 2022, the trial court reviewed defendant's sentence, verified that the prior prison term enhancement was no longer valid, and recalled defendant's sentence under section 1172.75, subdivision (c). The following year, the San Joaquin Superior Court transferred the case to Sierra County where the crimes had occurred. The Sierra County Superior Court declined to resentence defendant, finding that he had prior 1978 convictions for sexually violent offenses which made him ineligible for resentencing under section 1172.75, subdivision (a).

Defendant now contends the trial court should not have found him ineligible for resentencing. The People agree that because defendant's prior prison term enhancement was based on the prior escape, the prior sexually violent offenses were not a basis to render him ineligible for resentencing. But the People claim defendant's LWOP sentence nevertheless makes him ineligible for resentencing under section 1172.75, subdivision (f).

We agree with the parties that because defendant's prior prison term enhancement was based on the prior escape, the prior sexually violent offenses were not a basis to render him ineligible for resentencing. However, we disagree with the People's argument that section 1172.75, subdivision (f) applies to defendant. We will vacate the order finding defendant ineligible for resentencing and remand for a resentencing hearing consistent with section 1172.75.

## DISCUSSION

Defendant contends the trial court should not have found him ineligible for resentencing. We agree.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant's prior prison term enhancement was imposed based on a conviction for escape, which is not a "sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 1172.75, subd (a); see Welf. & Inst. Code, § 6600, subd. (b).) Thus, the enhancement was not "imposed for a prior conviction for a sexually violent offense" under section 1172.75, subdivision (a). (See *People v. Green* (2024) 104 Cal.App.5th 365, 370-373.)

The People nevertheless argue that defendant is ineligible for resentencing under section 1172.75, subdivision (f), which states: "Commencing on January 1, 2025, an individual who has been convicted of a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code and sentenced to death or a life term without the possibility of parole, who, as of January 1, 2025, has not had their judgment reviewed and verified by the sentencing court as provided in subdivision (c), is not eligible for recall and resentencing under this section. This subdivision does not apply retroactively." (§ 1172.75, subd. (f).) According to the People, subdivision (f) applies to defendant because he was sentenced to LWOP.

Section 1172.75, subdivision (f) specifies that it applies "[c]ommencing on January 1, 2025," that it "does not apply retroactively[,]" and that it applies to an individual "who, as of January 1, 2025, has not had their judgment reviewed and verified by the sentencing court as provided in subdivision (c)." (§ 1172.75, subd. (f).) Here, however, in 2022, years before the commencement date specified in subdivision (f), the original sentencing court reviewed defendant's sentence, verified that the prior prison term enhancement was no longer valid, and recalled defendant's sentence under section 1172.75, subdivision (c). On this record, section 1172.75, subdivision (f) does not apply to defendant.

DISPOSITION

The trial court's July 11, 2024 order finding defendant ineligible for resentencing under section 1172.75 is vacated.  The matter is remanded for a resentencing hearing consistent with section 1172.75.

      /S/      

MAURO, J.

We concur:

      /S/      

ROBIE, Acting P. J.

      /S/      

WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.